UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 24-46404

RAHMAN K. BUTLER,                               Chapter 7

          Debtor.                               Judge Thomas J. Tucker
_____/

**ORDER DENYING, WITHOUT PREJUDICE,
DEBTOR RAHMAN K. BUTLER'S MOTION FOR TURNOVER**

This case is before the Court on the Debtor Rahman K. Butler's motion entitled "Debtor's

Motion for Turnover of Exempt Property of the Estate under 11 USC §§522 and/or §547 and for

Costs /Attorney Fees," filed on November 4, 2024 (Docket # 43, the "Motion"). The Motion, in

relevant part, requests that the Court "order Creditor Diversified Members Credit Union to

turnover" as an avoidable preference, $801.79 that it "garnished . . . from the Debtor's paycheck

within ninety . . . days prior to the Debtor filing his Petition."[1] (Mot. at 1 ¶ 2, 4 first ¶ a.).

The Court will deny the Motion, because the relief sought by the Motion must be sought

by filing an adversary proceeding, not a turnover motion. It is a proceeding "to recover money or

property," within the meaning of Fed. R. Bankr. P. 7001(1), and that rule requires that the

requested relief must be sought by an adversary proceeding. In *In re Parham*, No. 16-44233,

2017 WL 3207663, at *2 (Bankr. E.D. Mich. July 26, 2017) (italics in original), the court

explained:

> 11 U.S.C. § 550(a) allows the trustee/debtor to bring into the
> bankruptcy estate involuntary transfers of property *that were
> avoided pursuant to section 547*. However, avoidance actions

---

[1] The Debtor can seek to avoid and recover the preference at issue because he has an allowed
exemption in it (*see* Docket # 17 at pdf p. 15, Schedule C), and the Trustee has not attempted to avoid
and recover it herself. *See* 11 U.S.C. § 522(h).

require an adversary proceeding. Fed. R. Bank. P. 7001(1); *see also In re Montellano*, No. 2:15–bk–11049–RK, 2015 WL 3878412, at *1 (Bankr. C.D. Cal. June 19, 2015):

> [D]ebtor . . . seeks to avoid and recover a prepetition involuntary transfer of her wages garnished prepetition through the bankruptcy trustee's avoidance powers under 11 U.S.C. § 547(b), granted to the debtor pursuant to 11 U.S.C. § 522(h). Under Federal Rule of Bankruptcy Procedure 7001(1), this would be "a proceeding to recover money or property" which is required to be brought in an adversary proceeding. See 10 Resnick and Sommer, Collier on Bankruptcy, ¶ 7001.02 at 7001–4–7001–8 (16th ed. 2015) ("Proceedings within Rule 7001(1) include actions by trustees or debtors . . . to recover property that was the subject of avoided preferences under section 547 [of the Bankruptcy Code, 11 U.S.C.] . . . .").

Accordingly,

IT IS ORDERED that the Motion (Docket # 43) is denied, without prejudice to the Debtor's right to file an adversary proceeding seeking to avoid and recover the alleged involuntary preferential transfer.

IT IS FURTHER ORDERED that no later than November 6, 2024, the Debtor's attorney must serve a copy of this Order on Creditor Diversified Members Credit Union, and file proof of such service.

**Signed on November 5, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**